LYDIA H. UMBACH et al., Appellants, v. LONG ISLAND LIGHTING COMPANY et al., Respondents.— In an action to recover damages for personal injuries sustained by plaintiff wife when she was struck by the corporate defendant's truck, and for expenses of plaintiff husband, plaintiffs appeal from an order setting aside the verdict of the jury in favor of plaintiffs and against defendants, as against the weight of the credible evidence. Order reversed on the facts, with costs, the motion denied, the verdict reinstated, and judgment directed to be entered in accord therewith, with costs. It cannot here be said that the verdict was against the weight of the evidence. Defendants' two witnesses contradicted themselves and each other, and it was for the jury to determine where the truth lay. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

## (May 21, 1951.)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CONCETTINA COTTI-CELLI, Alias JENNIE VARONE, Respondent.— In a prosecution for the crime of abortion, the appeal is by the People of the State of New York from an order of the County Court, Queens County, which grants respondent's motion to amend the judgment of sentence so as to incorporate therein a recommendation by the sentencing court against deportation of an alien, provided in section 155 of title 8 of the United States Code. The motion was made more than thirty days after imposition of sentence and after sentence was executed or partially executed. We construe the order as neither vacating nor amending the judgment of sentence but as merely granting a motion to make a recommendation against deportation and, as such, is not appealable. Motion to dismiss appeal, renewed by permission on the argument of the appeal, granted and appeal dismissed. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [198 Misc. 544.] [See *post,* p. 855.]